UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PENG YOU ZHONG,

                        Petitioner,

-against-

UNITED STATES OF AMERICA,

                        Respondent.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

05-CV-4741 (ERK)

Korman, Ch. J.

    Peng You Zhong, appearing *pro se*, moves for a writ of audita querela challenging his 1997 conviction in United States v. Chen, et al., No. 95-CR-870 (ERK).[1] Petitioner asserts that his sentence is invalid under the Supreme Court's holding in United States v. Booker, --- U.S. ---, 125 S.Ct. 738 (2005).

    The All Writs Act, 28 U.S.C. § 1651, provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Petitioner argues that the writ of audita querela is available in his case. "Though formally abolished in civil cases, see Fed.R.Civ.P. 60(b), the writ[] of ... audita querela remain[s] available in very limited circumstances" specifically, "where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (citations omitted). Here, nothing has occurred subsequent to the conviction that creates a legal objection to the conviction. The Supreme Court's decision in Booker is not the type of post-judgment event for which the writ can be granted because Booker does not apply retroactively. Guzman v. United States, 404 F.3d 139, 143-44 (2d Cir. 2005).

    Accordingly, petitioner's application for a writ of audita querela is denied

Dated: Brooklyn, New York
       October 14, 2005

                              SO ORDERED:

                              s/Edward R. Korman
                              Edward R. Korman
                              United States District Judge

---

[1] On December 14, 1998, petitioner moved under 28 U.S.C. § 2255 to vacate, set aside or correct the same criminal judgment. Peng v. United States, No. 98-CV-7697 (ERK). The Court denied this motion and petitioner's subsequent motion for reconsideration.